UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY ROBINSON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:13-CV-2524-G |
| ASSURED QUALITY CARE SERVICES, | ) | |
| LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant Stacy Williams Ross's motion to dismiss the plaintiff's claim (docket entry 5). For the reasons stated below, the motion is denied.

I. BACKGROUND

This case concerns allegedly unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). The plaintiffs, Tiffany Robinson and Sharunda King, worked as group home attendants for the defendant Assured Quality Care Services, LLC ("Assured"). Complaint ¶¶ 7-8 (docket entry 1). Robinson worked there from September 17, 2012 to April 11, 2013, and King worked there from unspecified dates in October 2012 through April 2013. *Id.* The individual defendant, Stacy Williams

Ross, was a corporate officer of Assured. Defendant Stacy Williams Ross's Brief in Support of Motion to Dismiss ("Ross Brief") at 1 (docket entry 6). According to the plaintiffs, she was also a supervisor at Assured. *See* Complaint ¶ 4. The plaintiffs claim that they were not paid overtime wages "[d]uring one or more weeks of [their] employment with [Assured]" in violation of the FLSA. Complaint ¶¶ 10-11.

Ross, appearing *pro se*, filed a motion to dismiss the claim against her. *See generally* Defendant Stacy Williams Ross's Motion to Dismiss (docket entry 5). The plaintiffs filed a response and objection. *See generally* Plaintiffs' Response and Objection to Motion to Dismiss ("Plaintiffs' Response") (docket entry 7). Ross did not file a reply in support of her motion. The matter is now ripe for decision.

II.  ANALYSIS

A.  Rule 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 396 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible."  See *id.* at 1950, 1952.

### B.  The Plaintiffs' FLSA Claim

Under the FLSA, employers who engage in interstate commerce to a statutorily prescribed extent must pay their employees overtime pay equal to one and one-half times their standard hourly wages.  29 U.S.C. § 207.  Section 216(b) of the FLSA states that "[a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Both corporate entities and individuals can qualify as employers under the FLSA.  *See* 29 U.S.C. § 203(a), (d).  "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th

Cir. 2010). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id.* at 357.

The plaintiffs allege that Ross "was substantially in control of the terms and conditions of the Plaintiffs' work," and that she "was an employer of the Plaintiffs as defined by 29 U.S.C. §203(d)." Complaint ¶ 4. Ross argues that the complaint against her should be dismissed because it does not make sufficient allegations to show that she qualified as an employer under the FLSA, and because she did not actually supervise the plaintiffs' employment. *See* Ross Brief at 1-2.

While the complaint does not provide a great deal of detail about how Ross oversaw the plaintiffs' work, its allegations are sufficient to state a claim against her. Simply stating that Ross was an employer may constitute a legal conclusion, but alleging that she controlled the terms of their employment is a factual allegation. See *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (finding that similarly simple allegations in an FLSA complaint were "all factual allegation[s] -- not legal conclusions -- and, if proven, they give rise to a plausible claim for relief"). That allegation, taken as true, is sufficient to qualify Ross as an employer under the FLSA, and thus to state a claim against her. See *Gray*, 673 F.3d at 357. Lastly, the question of whether Ross did in fact qualify as the plaintiffs' employer is related to the summary judgment stage of these proceedings, and its

resolution will require the presentation of affirmative evidence. Ross has not presented any such evidence, so the court will not rule on that issue at this time.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **DENIED**.

**SO ORDERED**.

December 2, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**